UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY ELIZABETH BRISON<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　Defendant. | No. 2:14-cv-00149-FVS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT are cross-Motions for Summary Judgment. (Ct. Rec. 13, 14.) Attorney Lora Lee Stover represents plaintiff; Special Assistant United States Attorney Daphne Banay represents defendant. After reviewing the administrative record and briefs filed by the parties, the court GRANTS defendant's Motion for Summary Judgment and DENIES plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff Mary Elizabeth Brison (plaintiff) protectively filed for supplemental security income (SSI) on February 28, 2011. (Tr. 161, 251.) Plaintiff alleged an onset date of April 1, 2007. (Tr. 161.) Benefits were denied initially and on reconsideration. (Tr. 102, 111.) Plaintiff requested a hearing before an administrative law judge (ALJ), which was held before ALJ Caroline Siderius on December 10, 2012. (Tr. 44-77.) Plaintiff was represented by counsel and testified at the hearing. (Tr. 53-66, 68-71.) Medical expert Kent Layton, Ph.D., and vocational expert Thomas Polsin also testified. (Tr. 47-52, 67-76.) The ALJ denied benefits (Tr. 25-37) and the Appeals Council denied review. (Tr. 1.) The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of plaintiff and the Commissioner, and will therefore only be summarized here.

Plaintiff was 25 years old at the time of the hearing. (Tr. 53.) She last worked in 2007 at K-Mart. (Tr. 53.) She has work experience as a commercial cleaner, telephone solicitor, stock clerk, and cashier. (Tr. 70.) At the time of the hearing, she was working on her GED and had passed the first of five tests. (Tr. 55.) She testified that she cannot work because she has good days and bad days. (Tr. 54.) Her bad days cause her not to be able to function with other people. (Tr. 54.) Even on her good days, she cannot be around people. (Tr. 54.) She has about ten good days per month. (Tr. 60.) She gets really irritated with people. (Tr. 55.) It bothers her to stay in a room with too many people at a time. (Tr. 55.) She gets red, sweaty, starts shaking, and "can't handle it." (Tr. 56.) If she works independently, she does not focus as well as she should. (Tr. 58.) She testified she has problems with her ability to focus and concentrate. (Tr. 62.) She cannot sit still for more than five minutes. (Tr. 62.) She typically has symptoms of depression at least 27 days out of the month. (Tr. 64.) When she is depressed she cries over nothing and would rather be in bed. (Tr. 64-65.) She has difficulty with stress. (Tr. 66.) She testified medication for ADHD worked "so-so" in the past. (Tr. 56.) Anxiety medication worked a little bit because it calmed her down enough so she could go shopping. (Tr. 57.) Depression medication worked okay to a point. (Tr. 57.) She stopped taking medication when she became pregnant. (Tr. 57.) She has asthma. (Tr. 57.) She has a hip problem. (Tr. 58.) She has a history of substance abuse. (Tr. 58.)

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F. 2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F. 3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the

evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. Richardson, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Serv.*, 839 F.2d 432, 433 (9th Cir. 1988). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## SEQUENTIAL PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423 (d)(1)(A), 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity ("RFC") assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his or her previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1497 (9th Cir. 1984). If the Commissioner does not meet that burden, the claimant is found to be disabled. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

### ALJ'S FINDINGS

At step one of the sequential evaluation process, the ALJ found plaintiff has not engaged in substantial gainful activity since February 28, 2011, the application date. (Tr. 27.) At step two, the ALJ found plaintiff has the following severe impairments: attention deficit hyperactivity

disorder; depression; anxiety; asthma; obesity; and substance abuse. (Tr. 27.) At step three, the ALJ found plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. (Tr. 28.) The ALJ then determined:

> [C]laimant has the physical residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: she would be limited to one to three-step tasks that did not involve detailed work; she could tolerate no more than superficial contact with the general public; she could have occasional contact with co-workers; she could tolerate occasional changes in the work setting; she should not be assigned work requiring more than an ordinary production rate; and she could have only occasional exposure to concentrated gases, dust, and fumes.

(Tr. 31.) At step four, the ALJ found plaintiff has no past relevant work. (Tr. 36.) After considering plaintiff's age, education, work experience, residual functional capacity, and the testimony of a vocational expert, the ALJ determine there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 36.) Thus, the ALJ concluded plaintiff has not been under a disability as defined in the Social Security Act since February 28, 2011, the date the application was filed. (Tr. 37.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff asserts: (1) the ALJ erred in assessing plaintiff's residual functional capacity; (2) the ALJ failed to pose a proper hypothetical to the vocational expert; and (3) the evidence as a whole does not support the nondisability finding. (ECF No. 13 at 8.) Defendant argues plaintiff did not: (1) demonstrate that the ALJ erred in the RFC finding; (2) demonstrate the ALJ erred in the hypothetical to the vocational expert; and (3) establish that a disability finding is warranted. (ECF No. 14 at 10-18.)

**DISCUSSION**

**1.    RFC**

Plaintiff argues the RFC finding is incomplete and is therefore harmful error. (ECF No. 13 at 10-11.) At step four of the sequential process, the ALJ must examine a claimant's RFC and the physical and mental demands of the claimant's past relevant work at step four of the sequential process. 20 C.F.R. § 404.1520(e). RFC is what an individual can still do despite his or her limitations. S.S.R. 96-8p. The RFC assessment must first identify the individual's functional

limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. §§ 404.1545 and 416.945.

Plaintiff contends "her physical and mental conditions pose limitations which affect her employability which were ignored by the ALJ." (ECF No. 13 at 10.) Plaintiff also asserts:

> The ALJ ignored effects from her physical impairments but more importantly the limitations regarding her ability to interact with others, including coworkers and supervisors and her mental impairments affecting concentration, persistence and pace. The ALJ did not incorporate all of the mental limitations which the Plaintiff has as discussed by Dr. Endyke, Dr. Kumar and Dr. Layton.

(ECF No. 13 at 10-11.) This is the entire substance of plaintiff's argument with no citation to the record[1] or legal authority, analysis, or further explanation of the manner in which the ALJ is alleged to have erred.

With respect to plaintiff's alleged physical impairments, plaintiff fails to identify or discuss any specific physical limitation "ignored" by the ALJ.[2] Similarly, plaintiff's argument regarding mental limitations is superficial and utterly fails to identify or explain any errors the ALJ's detailed discussion and analysis of the evidence of plaintiff's mental impairments. The Ninth Circuit explained the necessity for providing specific argument:

> The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court. Particularly on appeal, we have held firm against considering arguments that are not briefed. But the term "brief" in the appellate context does not mean opaque nor is it an exercise in issue spotting. However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their argument in order to do so. It is no accident that the Federal Rules of Appellate Procedure require the opening brief to contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(9)(A). We require contentions to be accompanied by reasons.

---

[1] In a footnote, plaintiff cites generally the reports of Dr. Kumar, Dr. Endyke and the testimony of Dr. Layton. This is insufficient to point out any alleged error by the ALJ. (ECF No. 13 at 11.)

[2] The ALJ found no severe physical impairments other than asthma and obesity. (Tr. 27.) The ALJ's discussion of the medical evidence of physical impairments is thorough and plaintiff did not demonstrate that any physical impairment, severe or non-severe, is in fact disabling.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT - 6

*Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). Moreover, the court will not consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief. *Christian Legal Soc. Chapter of University of California v. Wu*, 626 F.3d 483, 487-488 (9th Cir. 2010). The court may refuse to address claims that were only argued in passing or that were bare assertions with no supporting argument. *Id.* Thus, plaintiff's lack of specificity is very nearly fatal to her argument.

Notwithstanding, having reviewed the record and the ALJ's decision, the court concludes the ALJ properly considered the evidence and the RFC is supported by substantial evidence in the record. The ALJ credited the findings of Dr. Kumar (Tr. 34, 418-23) and Dr. Layton (Tr. 27, 29-30, 35, 49-52) and discussed their opinions in detail. While the RFC may not contain limitations assessed by Drs. Kumar and Layton verbatim, the ALJ discussed the weight assigned to those opinions and reasonably fashioned the RFC based on the limitations assessed. In particular, the ALJ included in the RFC limitations to one to three-step tasks that did not involve detailed work; no more than superficial contact with the general public; occasional contact with co-workers; occasional changes in the work setting; and found she should not be assigned work requiring more than an ordinary production rate. (Tr. 31.) These correspond to limitations identified by Drs. Kumar and Layton as discussed by the ALJ. (Tr. 34-35.) As a result, there is no error.

With respect to Dr. Endyke's findings, the ALJ rejected each of Dr. Endyke's three opinions by citing specific, legitimate reasons supported by substantial evidence in the record. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); (Tr. 30, 34-35, 425-27, 546-51). Vocational expert testimony based in part on medical opinions that have been rejected may be properly given minimal weight by the ALJ when substantial evidence as a whole supports the ALJ's determination. *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1197-98 (9th Cir. 2004). Plaintiff does not assert the ALJ erred in rejecting Dr. Endyke's opinions or otherwise acknowledge the ALJ's reasons for rejecting Dr. Endyke's findings. The Ninth Circuit has repeatedly admonished that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). As a result, the court declines to further address this issue which was not argued with specificity. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Thus, there is no error.

**2.    Hypothetical**

Plaintiff argues the ALJ failed to pose an adequate hypothetical to the vocational expert. (ECF No. 13 at 11.) The ALJ's hypothetical must be based on medical assumptions supported by substantial evidence in the record which reflect all of a claimant's limitations. *Osenbrook v. Apfel*, 240 F.3D 1157, 1165 (9th Cir. 2001). The hypothetical should be "accurate, detailed, and supported by the medical record." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). Plaintiff asserts generally that the hypothetical question "did not accurately portray the Plaintiff's psychological impairments nor her pain complaints." (ECF No. 13 at 11.) Plaintiff essentially restates the RFC argument by arguing the hypothetical "did not take into consideration the Plaintiff's ability to deal with supervisors, relate to change in the work setting or expected absenteeism due to psychologically based symptomology." (ECF No. 13 at 11.)

With respect to the limitations regarding "expected absenteeism," the ALJ explained that plaintiff's statements lack credibility and medical sources have opined she would be likely able to work if she properly used medication. (Tr. 35, 422, 548.) Further, the ALJ credited the opinions of Dr. Layton and Dr. Kumar and incorporated their findings into the RFC. (Tr. 31, 34-35.) Dr. Kumar indicated plaintiff's ability to accept instructions from supervisors is not impaired (Tr. 422) and the ALJ included an occasional limitation on the ability to tolerate changes in the workplace based on the findings of both doctors. (Tr. 31, 50-51, 422.) To the extent the findings of Dr. Kumar and Dr. Layton conflicted on any of these issues, the ALJ reasonably resolved the conflict based on substantial evidence. When the evidence is subject to more than one rational conclusion, we must defer to the ALJ's conclusion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). Thus, the ALJ's hypothetical is based on substantial evidence and plaintiff failed to demonstrate there is any error.

The only specific argument made by plaintiff is that the ALJ should have found her entitled to benefits based on the vocational expert's testimony that a worker missing work frequently or being off task fifteen percent of the time is not capable of substantial gainful activity. (ECF No. 13 at 11-12, Tr. 75-76.) The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. *Osenbrook*, 240 F.3d at 1164; *Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Martinez v. Heckler*, 807 F.2d 771, 773 (9th Cir. 1986). The ALJ is free to accept or reject these restrictions as long as the hypothetical is supported by substantial evidence, even if there is conflicting medical evidence.

*Magallenes*, 881 F.2d at *id.* Dr. Kumar opined plaintiff would be mildly to moderately impaired in the ability to (1) perform work activities on a consistent basis without special or additional instruction; (2) maintain regular attendance in the workplace; and (3) complete a normal workday or workweek without interruptions form a psychiatric condition. (Tr. 423.) At the hearing, plaintiff's counsel defined a "moderate" limitation to be "difficulty doing these types of things up to 15 percent of a normal work day or work week." (Tr. 75.) The vocational expert testified that the combination of the moderate inability to either complete work tasks or show up to work 15 percent of a work week would not be compatible with maintaining a job. (Tr. 76.)

As defendant points out, plaintiff cites no authority for defining a "moderate" limitation as difficulty in performing up to 15 percent of a normal work day or work week. (ECF No. 14 at 17-18.) There is no evidence suggesting Dr. Kumar intended the limitation be defined in that manner. (Tr. 423.) Furthermore, Dr. Kumar indicated the limitation was "mild to moderate," suggesting the limitation may be less than moderate. The vocational expert testified the 15 percent limitation is "marginal" over the course of a week, so a milder limitation could be more compatible with sustained employment. Lastly, as discussed *supra*, the ALJ cited evidence undermining any limitation regarding absenteeism. (Tr. 35, 422, 548.) Regardless, the 15 percent definition is not supported by the record or any legal authority and there is therefore no foundation for the vocational expert's testimony based on that definition. The hypothetical contained the limitations the ALJ found credible and supported by substantial evidence in the record. The ALJ's reliance on testimony the VE gave in response to the hypothetical was therefore proper. *See Magallenes v. Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989); *Bayliss v. Barnhart*, 427 F. 3d 1211, 1217-18 (9th Cir. 2005). Thus, the ALJ did not err.

Lastly, to the extent plaintiff raised the issue of credibility by mentioning "pain complaints," the court concludes the ALJ's credibility finding is specific and based on clear and convincing reasons supported by substantial evidence. *See Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014); *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012); (Tr. 32-35). Because plaintiff failed to develop this argument, the court declines to further address this issue. *See Christian Legal Soc.*, 626 F.3d at 487-488; *Carmickle*, 533 F.3d at 1161.

**3.    Record as a Whole**

Plaintiff contends in her statement of issues that "the evidence taken from the record as a whole does not support the Defendant's decision that Plaintiff is not disabled." (ECF No. 13 at

8.) This issue is not addressed in the argument section of the brief detail and no specific error is identified. (ECF No. 13 at 10-12.) To the extent this can be considered an argument that the ALJ erred in interpreting the evidence, the plaintiff did not establish that the ALJ erred in fact or law in analyzing the evidence. The ALJ, not this court, is responsible for reviewing the evidence and resolving conflicts or ambiguities. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989); *see also Richardson v. Perales*, 402 U.S. 389, 400 (1971). It is not the role of the court to second-guess the ALJ. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). The court must uphold the ALJ's decision when it is not based on legal error and is supported by substantial evidence. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Plaintiff failed to identify any error of interpretation, fact, or law. The ALJ's decision is based on a reasonable interpretation of the evidence and is supported by specific findings and analysis. Therefore, the ALJ's findings are supported by substantial evidence and there is no error.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this court concludes the ALJ's decision is supported by substantial evidence and is not based on error.

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(ECF No. 14)** is **GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(ECF No. 13)** is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for defendant and the file shall be **CLOSED**.

DATED May 6, 2015

                         *s/Fred Van Sickle*
                          Fred Van Sickle
               Senior United States District Judge